Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Emord & Associates, P.C.
3210 S. Gilbert Road, Suite 4
Chandler, AZ 85286
Phone: (602) 388-8899
Fax: (602) 393-4361
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAGG LIVE FOODS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> ECO ACTION SDN. BHD., a Malaysian Corporation; GWEE BEE HONG, an individual; GWEE HIANG PING, an individual; MOHD ZAKIE BIN SOAD, an individual; SONG HWEE HENG, an individual; ECO LIFE VALLEY d/b/a LOHAS LIFESTYLES OF HEALTH AND SUSTAINABILITY, a Malaysian Corporation; GWEE HIANG PIEW, an individual; SOLANA GOLD ORGANICS, a California corporation; JOHN KOLLING, an individual; BLOSSOM VALLEY FOODS, INC., a California corporation; ROBERT WAGNER, an individual; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: <br><br> 1. Trademark Infringement & Counterfeiting; <br> 2. Trade Dress Infringement <br> 3. Federal Trademark Dilution; <br> 4. State Law Trademark Dilution (Cal B&P Code § 14247, *et seq.*); <br> 5. Contributory Trademark Infringement <br> 6. Federal Unfair Competition (15 U.S.C. § 1125(c)); <br> 7. Unfair Competition (Cal. B&P Code §§ 17200, *et seq.*); <br> 8. Common Law Unfair Competition; <br> 9. False Advertising (Cal. B&P Code §§ 17500, *et seq.*); <br> 10. Violations of the RICO Act (18 U.S.C. §§ 1341, 1343, 1962, 1964(c)); <br> 11. Fraud (Cal. Civ. Code §§ 1709-1711); and <br> 12. Common Law Fraud. <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.      Plaintiff Bragg Live Foods, Inc. ("Bragg" or "Plaintiff"), by its undersigned counsel, files this Complaint for Damages and Injunctive Relief against Defendants Eco Action SDN. BHD. ("Eco Action"), Gwee Bee Hong ("Hong"), Gwee Hiang Ping ("Ping"), Mohd Zakie Bin Soad ("Soad"), Song Hwee Heng ("Heng"), Eco Life Valley d/b/a Lohas Lifestyles of Health and Sustainability ("Eco Life"), Gwee Hiang Piew ("Piew"), Solana Gold Organics ("Solana Gold"), John Kolling ("Kolling"), Blossom Valley Foods, Inc. ("Blossom Valley"), Robert Wagner ("Wagner"), and DOES 1-50, inclusive, (collectively "Defendants").  This is an action for fraud, unfair competition, trademark infringement, and other claims brought, in part, under the federal Racketeer Influenced Corrupt Organizations Act (RICO) and the federal Lanham Act alleging the following claims:  (1) Trademark Infringement & Counterfeiting (Lanham Act, 15 U.S.C. § 1114); (2) Federal Trade Dress Infringement (15 U.S.C. § 1125(a)); (3) Federal Trademark Dilution (15 U.S.C. § 1125(c)); (4) State Law Trademark Dilution (Cal. B&P Code §§ 14247, *et seq.*); (5) Contributory Trademark Infringement (15 U.S.C. § 1114(1)); (6) Federal Unfair Competition (15 U.S.C. § 1125(c)); (7) Unfair Competition (Cal. B&P Code §§17200, *et seq.*); (8) Common Law Unfair Competition; (9) False Advertising (Cal. B&P Code §§ 17500, *et seq.*); (10) violations of the RICO Act (18 U.S.C. § 1341, 1343, 1962, 1964(c)); (11) Fraud (Cal. Civ. Code §§ 1709–1711); and (12) Common Law Fraud.

## I.      PARTIES

2.      Plaintiff Bragg Live Foods, Inc. ("Bragg") is a Corporation organized under the laws of California with its principal place of business located in Santa Barbara, California.  Bragg engages in the production, distribution, marketing, and sale of food products.  Since 1912, Bragg has specialized in selling organic and natural foods, which include Bragg's Organic Apple Cider Vinegar.  Bragg is a

leading producer and seller of distinctive Organic Apple Cider Vinegar products. For decades Bragg has sold its products internationally using distinctive labeling and trade dress.

3.     Based on information and belief, Defendant Eco Life is a sole proprietorship, organized and existing under the laws of Malaysia with its principal place of business at No. 18, Jalan SS2/39, 47300 Petaling Jaya, Selangor, Malaysia.  Based on information and belief, Defendant Eco Action is a corporation, organized and existing under the laws of Malaysia with its principal place of business at No. 32A, Jalan SS 2/24, 47300 Petaling Jaya, Selangor, Malaysia.  Eco Life and Eco Action work together to sell or offer to sell healthy consumer food products, including organic alternatives.  Based on information and belief, Eco Life and Eco Action sell a variety of organic foods and beverages using the trade name "Lohas" on advertising and labeling.  Those defendants offer to sell products internationally, maintain websites in English, use United States-based corporations to facilitate transactions (e.g., VISA, Mastercard, PayPal), and target United States consumers through their internet presence and advertising.  Eco Life and Eco Action compete with Bragg in the sale of Organic Apple Cider Vinegar. Specifically, those defendants have marketed on their websites and elsewhere a product entitled "Lohas Organic Apple Cider Vinegar," (hereinafter identified as the "Lohas Product" or the "Malaysian Defendants' Product" or the "Infringing Product") a product that intentionally infringes Bragg's trade dress and copies Bragg's labeling content verbatim.

4.     Based on information and belief, Defendants Hong, Ping, Soad, and Heng are principals, owners, and/or directors of Eco Action.  Defendants Hong, Ping, Soad, and Heng operate Eco Action and profit directly from its business. Hong, Ping, Soad, and Heng have been personally involved in the production, promotion, and sale of the Infringing Product that infringes Bragg's rights.

5.      Based on information and belief, Defendant Piew is the sole owner of Eco Life.  Defendant Piew operates Eco Life and profits directly from its business. Piew has been personally involved in the production, promotion, and sale of the Infringing Product that infringe Bragg's rights.

6.      Based on information and belief, Defendant Solana Gold is a food and beverage producer with its principal place of business in Sebastopol, California. Solana Gold competes with Bragg in the sale of organic apple cider products in California and throughout the world.  Solana's Organic Apple Cider Vinegar is listed for sale and promoted by Eco Action and Eco Life.  Solana provides Eco Action and Eco Life raw materials for the production of Eco Action's and Eco Life's apple cider vinegar products, including those that infringe Bragg trademarks.  Solana is aware of and acts with the specific intent to further Eco Action and Eco Life's intentional counterfeit and trade dress infringement with respect to Bragg's Organic Apple Cider Vinegar Product.

7.      Based on information and belief, Defendant Kolling is the owner and President of Solana Organics.  Mr. Kolling operates Solana Gold and profits directly from its business.  Mr. Kolling has been personally involved in the production, promotion, and sale of the Infringing Product that infringes Bragg's rights.

8.      Based on information and belief, Defendant Blossom Valley is a food and beverage producer with its principal place of business in Gilroy, California. Blossom Valley provides services and materials in the manufacture of the Infringing Product that infringes Bragg's intellectual property rights.  Blossom Valley acts with knowledge of the infringing and fraudulent Lohas sales, benefits financially from those sales, and acts in concert with all defendants in achieving the unlawful activity described herein this Complaint.

9.      Based on information and belief, Defendant Robert Wagner is the owner and president of Blossom Valley Foods.  Mr. Wagner operates Blossom

Valley Foods and profits directly from its business.  Mr. Wagner has been personally involved in the production, promotion, and sale of the Infringing product that infringes Bragg's rights.

10.     Defendants DOES 1-50 are presently unidentified or unknown individuals and/or entities which have facilitated, participated, or cooperated in the manufacture, distribution, promotion, or sale of the Infringing Product.

## II.   <u>JURISDICTION AND VENUE</u>

11.     This Court has jurisdiction over the subject matter of this action pursuant to the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq. (the "Lanham Act").   This Court has: (1) original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b), 17 U.S.C. § 501, and 15 U.S.C. §§ 1116 and 1121; and (2) related claim jurisdiction over the state laws claims under 28 U.S.C. §§ 1338(b) (action asserting a state claim under the patent, copyright or trademark laws) and 1367(a) (supplemental jurisdiction), and the doctrines of ancillary and pendant jurisdiction.

12.     This Court generally has personal jurisdiction over all Defendants, and venue is proper in this District, because Defendants have specifically targeted Plaintiff, a California Corporation and violated the laws of the State of California. Defendants have infringed Bragg's trademark and actively participated in the acts and omissions described herein which were directed towards California consumers and caused injury to Bragg within this District.

13.     This Court has personal jurisdiction over Eco Action, Eco Life, Hong, Ping, Soad, Heng, and Piew (the "Malaysian Defenadnts") because they have specifically targeted Bragg Live Foods, a California entity, in the promotion and sale of counterfeited Bragg goods.  The Malaysian Defendants have operated with an intent for their conduct to harm Bragg's commercial interests in the United States and abroad.  The Malaysian Defendants' fraudulent and infringing product

is sold in markets where it directly competes with Bragg's product, and they hold out their product for sale to United States consumers. In addition, the Malaysian Defendants represent that their infringing product is "made in USA" (sic), and they use United States channels, instrumentalities, and actors to produce the product and ultimately achieve its fraud. At least several of the manufacturers that assist the Malaysian Defendants to intentionally infringe Bragg's product are based out of California. The Malaysian Defendants offer their infringing product for sale in United States dollars.

14.    This Court has personal jurisdiction over Defendants Solana Gold, John Kolling, Blossom Valley Foods, and Robert Wagner because they reside within California and within this District, their actions or omissions giving rise to this action occurred within California, and the damages incurred by Bragg were realized in California.

15.    Venue is proper under 28 U.S.C. § 1391(b)(1), 18 U.S.C. § 1391(c)(1) and 18 U.S.C. §§ 1965(a)–(b) because all defendants who are United States residents reside within the Northern District of California; the Defendants transact business with persons in California; the Defendants have intentionally targeted Plaintiff's business interests in California; the Defendants are subject to personal jurisdiction in California for the acts and events that have occurred therein; consumers in this district are likely to be confused by the infringing product; and because a substantial portion of the manufacturing of the infringing product occurred in this district.

### III.    ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

16.    Bragg has manufactured, distributed, and marketed healthy food products since 1912. Bragg's best-selling product is its "Organic Apple Cider Vinegar" (the "Product"). Bragg sells the Product domestically and internationally through authorized distributors. Those authorized distributors sell the Product on

the internet through web-based commercial sites, and in local markets around the world.  Bragg's authorized Malaysian distributor is Caremark SDN BHD.

17.    The Malaysian Defendants sell a product called "Lohas Organic Apple Cider Vinegar" on Lohas's website and in international commerce.  The Malaysian Defendants' Vinegar is marketed as a healthy food option that appeals to consumers who seek natural or organic home remedies and products.

18.    The Malaysian Defendants' Vinegar is sold in the same channels of commerce as Bragg's Organic Apple Cider Vinegar, and both products compete for marketshare in the United States and internationally.  The Malaysian Defendants and Bragg both sell Organic Apple Cider in Malaysian markets to Malaysian consumers.

19.    The Malaysian Defendants' Vinegar is sold online through the Lohas website and through the following URL:  http://www.lohas.com.my/enzyme-vinegars/914-lohas-organic-apple-cider-vinegar.html (last visited Sep. 8, 2015).  A copy of the Lohas website listing is attached as Exhibit A.  The Lohas website maintains a server located in Orem, Utah.  A copy of the Lohas labeling is attached as Exhibit B.

20.    Eco Action's website, www.ecoaction.com.my, is listed on the Malaysian Defendants' Vinegar's label.  *See* Exhibit B.  Eco Action's website links directly to Lohas's website.   When a user clicks the "Buy Online" link on Eco Action's website, the user is redirected to Lohas's website.  The Eco Action website maintains a server in Orem, Utah.

21.    Eco Life's website is an American domain, www.ecolifevalley.com.  *See* Exhibit C.  Eco Life's website links directly to Lohas's website.   When a user clicks the "Online Organic Store" link on Eco Life's website, the user is redirected to Lohas's website.

22.   The Malaysian Defendants offer their Apple Cider Vinegar for sale in "USD" currency and offers to sell its product internationally, noting that "all the payments / transactions shall be made in USD."  *See* Exhibit D.

23.   The Malaysian Defendants include a "Nutrition Facts Panel" on their Vinegar product which is an ostensible attempt to comply with the United States Food and Drug Administration's nutrition labeling requirements in 21 C.F.R. Part 101.  *See* Exhibit B.

24.   The Malaysian Defendants' English website relies on United States-based corporations or entities to process payments for infringing product sales, including, e.g., VISA, Mastercard, and PayPal.  *See* Exhibit E.

25.   The Malaysian Defendants' labeling and packaging for its "Lohas Organic Apple Cider Vinegar" is nearly identical to Bragg's labeling of the Bragg Organic Apple Cider product.

26.   For many decades, Bragg has used distinctive and novel features on its trade dress that were designed to distinguish the Bragg product from others in the market.  In the early 1900s, Dr. Paul C. Bragg formed Bragg Life Foods based on a commitment to a healthy diet and lifestyle that focused, in part, on natural live foods.  Dr. Bragg's philosophy and accomplishments formed the backbone of Bragg Live Foods' commercial success.  For many decades Dr. Bragg assembled a reputation for marketing healthy products of exceptional quality.  The goodwill and reputation built upon Dr. Bragg's approach propelled Bragg's product lines, which grew in market share.

27.   Dr. Paul Bragg designed the Bragg labeling and trade dress to stand out from competing products.  His inspiration for the Bragg labeling—e.g., the design, color scheme, etc.—was drawn from event promotions popular in the early 1900s, including circus banners and similar commercial copy.  Bragg's distinctive bright yellow and red color scheme has been un-replicated by competitors for nearly one hundred years.  Consumers have come to readily identify Bragg

products by spotting the bright yellow coloring scheme on store shelving and in other commercial content.

28.     Bragg's trade dress also contains specific text designed by Bragg.  For example, Bragg's trade dress explains the origins of vinegar as a natural cleansing and healing product, along with recommended uses for the product.  *See* Exhibit F.

29.     Bragg's Apple Cider Vinegar label also displays the following certifications, each of which were achieved by Bragg through certification processes at considerable expense:  (1) USDA Organic; (2) NON-GMO Project Verified; and (3) KSA Kosher.

30.     The Malaysian Defendants' Organic Apple Cider Vinegar is specifically designed to mimic or copy the Bragg Cider Vinegar Label so that consumers will mistake the Lohas product for Bragg's.  On its label, Lohas has used a nearly identical bright yellow with red trim paneling.  Lohas has adopted the same language on the Principal Display Panel, including the certification language, and the distinctive reference to the "Veil of the Mother," a phrase used to describe the natural presence of certain amino acids.  *Compare* Exhibit B with Exhibit F.

1

31.     The product packaging is confusingly similar:

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17    *See* Exhibits B, F.

18        32.     The Malaysian Defendants' label copied verbatim the information

19    panels from the Bragg product label, including the identical text used to describe

20    the product.  The copied text includes unique recommendations of use, and the

21    origin information for vinegar as a healthy food product.  The information panels

22    are identical in content and very close in form.  The two labels describe the

23    products as follows on the left information panels:

24

25

26

27

28

| Bragg Organic Apple Cider Vinegar | Lohas Organic Apple Cider Vinegar |
|---|---|
| Bragg Organic Raw Apple Cider Vinegar is made from the finest, delicious, healthy, organically grown apples.  Raw Apple Cider Vinegar is full of zesty natural goodness and contains the amazing 'mother' of vinegar which occurs naturally as connected strand-like chains of protein enzyme molecules and is highly regarded throughout history.  In 400 B.C. Hippocrates, the Father of Medicine, used it for its amazing natural qualities.  Bragg's Organic Vinegar adds healthy, delicious flavor to salads, veggies, and most foods.  Tasty even sprinkled over popcorn. | Lohas Organic Raw Apple Cider Vinegar is made from (sic) finest, delicious, healthy, organically grown apples.  Raw Apple Cider Vinegar is full of zesty natural goodness and contains the amazing (sic) of vinegar which occurs naturally as connected strand-like chains of protein enzyme molecules and is highly regarded throughout history.  Many medical studies show the health benefits of Apple Cider Vinegar.  In 400 B.C. Hippocrates, the Father of Medicine, used it for its amazing natural cleansing, healing, and energizing health qualities.  Lohas Vinegar adds health, delicious flavor to salads, veggies, and most foods.  Tasty even sprinkled over popcorn. |

*Compare* Exhibit B with Exhibit F.

33.     The Malaysian Defendants' Vinegar product has also adopted the same style and shaped bottle as the Bragg product.  The Malaysian Defendants' glass bottle mode uses the same glass mold used by Bragg to produce the Bragg product, which mold includes the distinctive vertical striations in the top third of the bottle, and the overall dimensions of the product itself are identical in proportion.  *See* Exhibits B, F.  Those similarities are designed to create the impression that the Lohas product is manufactured by Bragg.

34.     The Lohas Vinegar label also includes the identical instructions and directions for use:

| Bragg Organic Apple Cider Vinegar | Lohas Organic Apple Cider Vinegar |
|---|---|
| Bragg Vinegar Health Drink:<br><br>Delicious, ideal pick-me-up at home, work, sports or gym.  Perfect taken 3 times daily – upon arising, mid-morning and mid-afternoon.<br><br>1 to 2 tsps Bragg Organic Vinegar in 8 oz Glass Purified Water and (optional) 1 to 2 tsps Organic Honey, 100% Maple Syrup, Blackstrap Molasses or 4 drops Stevia. | Preparation:<br><br>Delicious, ideal pick-me-ups at home, work sports & gym.  Perfect taken 3 times daily … upon arising, mid-morning and mid-afternoon.<br><br>1 to 2 tsps Lohas Organic Apple Cider Vinegar in 8oz glass purified water and (optional) to taste 1 to 2 tsps organic honey, 100% maple syrup, blackstrap molasses or 4 drop her stevia.<br><br>Shake well be (sic) using. |

*See* Exhibits B, F.

35.    The Malaysian Defendants' Vinegar label includes the same certification statements as the Bragg Product.  *Compare* Exhibit B to Exhibit F. The Malaysian Defendants claim that their Cider Vinegar product is (a) certified "USDA Organics"; (b) "Certified Organic by Oregon Tilth"; (c) "Non GMO Project Verified; and (d) "KSA Kosher" certified.

36.    Defendants included those certifications on the Malaysian Defendants' product to mimic statements made on the Bragg label, and to impart a competitive advantage for Lohas by claiming product attributes that do not exist. Achieving organic certification is a time consuming and costly process that Defendants avoided.

37.    On information and belief, those labelling certifications and statements are false and misleading.  The Malaysian Defendants' product is not certified organic by the USDA.  The Oregon Tilth has not certified the Malaysian Defendants' product as an organic apple cider vinegar.  The KSA had not certified the Malaysian Defendants' product as a kosher article.  The product is not non GMO Project Verified.

38.     Representatives of the Malaysian Defendants have told consumers and distributors in Malaysian markets that their Cider Vinegar is manufactured by Bragg and sold with Bragg's authorization—a false statement designed to benefit or trade on Bragg's goodwill and reputation.  *See* Exhibit G.

39.     On information and belief, the Malaysian Defendants' product is designed to mimic the Bragg product and held out as a Bragg-manufactured product so that the Malaysian Defendants can benefit from Bragg's reputation for quality and consistency.  The Malaysian Defendants' product is intended to represent a cheaper version of the Bragg product.

40.     Bragg has never authorized, sanctioned, licensed, or permitted the Malaysian Defendants' activity or their Organic Apple Cider Vinegar product. Bragg competes for market share with Lohas and Solana Gold, and has lost business as a result of the Malaysian Defendants' infringing product.

41.     On information and belief, the Malaysian Defendants' copying of Bragg's product and content is intentional and willful.

42.     Bragg distributors and consumers have mistaken the Malaysian Defendants' product for Bragg's.  Bragg distributors have contacted Bragg's United States offices for information related to the "Bragg" product sold under Lohas's name.  Lohas representatives identify the Infringing Product to be a private brand product produced by Bragg, which is not true.  Retail stores in Malaysia now sell the Lohas product on the same shelves where those retailers used to sell the Bragg Product.  *See* Exhibit G.  In August 2015, in an attempt to dampen consumer and distributor confusion in the marketplace, Bragg was compelled to issue a letter explaining that the Malaysian Defendants' product is not sanctioned by Bragg, and is instead a "knock-off" product designed to prey off Bragg's reputation and goodwill.

43.    Consumers have mistakenly purchased the Lohas product instead of the Bragg product.  At least three of those consumers have contacted Bragg directly asking whether Bragg produces the Infringing Porudct.  *See* Exhibit H.

44.    On information and belief, defendants Solana, Kolling, Blossom Valley, and Wagner have acted jointly or in concert to manufacture, distribute, sell, or facilitate the infringing and unlawful Malaysian Defendants' product.

45.    Blossom Valley Foods is a contract packing company located at 20 Casey Street in Gilroy, California.  Robert Wagner is the CEO and owner of Blossom Valley Foods, Inc.  *See* Exhibit I.

46.    Blossom Valley is a contract bottler and labeler.  It receives organic apple cider vinegar from, or at the behest of, other companies that contract with it, and it then inserts that vinegar into bottles, affixes to those bottles labels supplied by the companies, and places caps on the bottles.  Thereafter Blossom Valley Foods makes ready for shipment those products to customers or arranges shipping for same.  *See* Exhibit I.

47.    Blossom Valley foods places labels on each bottle of organic apple cider vinegar it produces before those bottles leave Blossom Valley's plant.  That practice ensures that the ingredients, place of manufacture, and other required details are specified on the product when in transit.  Blossom obtains the labels and places same on organic apple cider vinegar bottles from the companies with which it contracts.  Blossom Valley generally reviews those before using same.  *See* Exhibit I.

48.    Defendants Blossom Valley, Solana, Wagner, and Kolling are aware of Bragg's Apple Cider Vinegar product, and are familiar with Bragg's labeling.

49.    The Malaysian Defendants' brand Organic Apple Cider Vinegar sold in Malaysia and other international markets was bottled and labeled in the United States at Blossom Valley Foods, Inc.  *See* Exhibit I.

50.     The bottle containing the Malaysian Defendants' Cider Vinegar is a "28-1768." That code means that the bottle has a 28 millimeter opening and a specific breakaway top used at Blossom Valley Foods, Inc. On the bottom of the Lohas bottle the following code has appeared: 431600-004. That code is used for imported glass intended for U.S. manufacture. That code is a reference to the U.S. distributor of that bottle. The number 431600 is assigned to Diablo Valley Packaging, 2373 N. Watney Way, Fairfield, CA 94533. Diablo is the importer or, and distributor of, the Lohas bottle. The "004" code suffix represents the production date, meaning that the sample glass bottle obtained and reviewed by Bragg in support of this Complaint was made in the month of April. *See* Exhibit I.

51.     The bottle used by the Malaysian Defendants is imported by Diablo from oversees bottle manufacturers. The bottle style is the very same style and mold originally made for Bragg Live Foods, Inc. and is therefore identical to the bottle style of Bragg Live Foods Inc.'s Apple Cider Vinegar. The Defendants' use of that rare bottle style is a deliberate and willful copy of Bragg's trade dress.

52.     Blossom Valley has only three customers that contract with Blossom Valley to bottle and label organic apple cider vinegar. Those three companies are Bragg Live Foods, Inc.; Spectrum (owned by Hains Co.); and Solana Gold. Only Solana Gold depends on the Oregon Tilth for its organic certification that is affixed to Solana Gold product labels. The Malaysian Defendants' product also bears the Oregon Tilth certification, yet the Oregon Tilth has no record of a certification for Lohas brand apple cider vinegars. *See* Exhibit I.

53.     Solana Gold has no production line for vinegar insertion, so it ships apple cider to Blossom Valley Foods for insertion in bottles and it supplies Blossom Valley with labels for those bottles. *See* Exhibit I.

54.     Solana Gold sells product in close competition with Bragg's Organic Apple Cider Vinegar product, and has contributed to the unlawful Lohas product in a willful attempt to damage Bragg's commercial interests.

55. Solana Gold supplies the apple cider vinegar used in the production of the Malaysian Defendants' product.

56. The Malaysian Defendants' website promotes the Lohas Apple Cider Vinegar product alongside Solana Gold's apple cider vinegar product. *See* Exhibit J. Those two cider vinegars are the only two such products marketing on Lohas's website that are allegedly produced in the United States. *See generally* www.lohas.com.my/1-products.

57. The Lohas-brand apple cider vinegar product also includes labeling language that mimics labeling text found only on Solana Gold's apple cider vinegar labels, including text describing the "Veil of the Mother," which language is otherwise unique to Solana Gold's commercial products.

58. Based on information and belief, Blossom Valley Foods bottles the organic apple cider vinegar supplied by Solana Gold in bottles obtained from Diablo Valley Packaging—which bottles are of the same style and finish created for Bragg Live Foods—and then places on those bottles Lohas labels for export.

59. All defendants are aware that those labels, bottles, and apple cider vinegar are used in the manufacture of an infringing and unlawful Malaysian Defendants' product.

60. All defendants operate with specific intent to defraud consumers into purchasing a false or counterfeit "Bragg product," or they play a substantial role in bringing that infringing product to fruition.

61. All defendants have profited from the manufacture, distribution, and sale of the Malaysian Defendants' Apple Cider Vinegar product that infringes Bragg's intellectual property and is unlawful.

## COUNT ONE

### Federal Trademark Counterfeiting and Infringement
### (15 U.S.C. § 1114)

62.     Bragg re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

63.     The Trademark and the goodwill associated with Bragg in the United States and internationally are of tremendous value, are highly distinctive, and have become universally associated in the public mind with Bragg's products and services, which are of high quality and reputation.  Bragg sells a substantial amount of the Product in the United States and internationally.

64.     Without Bragg's authorization or consent, and having knowledge of Bragg's well-known and prior rights in its registered Trademark, BRAGG, Defendants, directly, through, and/or in conjunction with its subsidiaries, affiliate companies, and/or its licenses, have in or connection with their apple cider vinegar products, reproduced, counterfeited, copied, and/or imitated Bragg's Trademark and have applied such reproduction, counterfeit copy, and/or colorable imitations to signs, displays, advertisements, promotional materials, packaging, website content, and other materials used in or affecting commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services.

65.     Defendants' use of copies or simulations of Bragg's Trademark is likely to cause and is causing confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Product Defendant is selling, and is likely to deceive the public into believing that the Counterfeit Product originates from or is associated with or otherwise authorized by Bragg.

66.     Defendants have specifically informed consumers and distributors falsely that the Lohas Apple Cider Vinegar is produced by Bragg and sanctioned

by Bragg as a foreign version of the Bragg product.  In so doing, Defendants have traded off the "Bragg" name and profited directly from the Bragg mark.

67.     The brand "Bragg" is a trademark, BRAGG, and registered with the United States Patent and Trademark Office.  Bragg's mark has been used in commerce and associated with its Organic Apple Cider Vinegar for many decades, and that mark is registered with the USPTO.  *See* U.S. Trademark No. 86738192 *See* Exhibit K.

68.     Defendants' acts violate 15 U.S.C. § 1114, and Bragg has been and is likely to be damaged by these acts.  Thus, Defendants are liable for the acts alleged herein directly, vicariously, and/or contributorily.  Because Defendants' infringement, as alleged herein, was intentional, willful, malicious, and done with full knowledge of Bragg's Trademark, BRAGG, and with intent to trade on the goodwill therein and cause consumer confusion and deception, this action qualifies an exceptional case within the meaning of 15 U.S.C. § 1117.  Bragg is entitled to exemplary damages, attorneys' fees, costs, and pre-judgment interest pursuant to the Lanham Act.

69.     As a result of  Defendant's acts as alleged herein, Bragg incurred damages in an amount to be proven at trial consisting of, *inter alia*, the diminution in the value and goodwill associated with its BRAGG trademark, lost sales, and Defendant's profits attributable to infringement.

70.     Bragg has no adequate remedy at law, and if Defendant's activities are not enjoined, Bragg will continue to suffer irreparable harm and injury to its goodwill and reputation.

71.     Defendants have therefore infringed Bragg's trademark, have intentionally induced that infringement by another person, or are liable for contributory infringement by selling or supplying goods to another knowing or having reason to know that the other entity or individual will use the goods to infringe Bragg's trademark.

## COUNT TWO

## Federal Trade Dress Infringement

### (15 U.S.C. § 1125(a))

72.     Bragg re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

73.     Beginning in the early 1900s, Dr. Paul C. Bragg designed a line of natural food products and distinguished those products in the market using brightly colored, unique trade dress uncommon in the marketplace and unused by any other competitor.

74.     Bragg's color scheme, bottle design, label graphics, and labeling text combine to form a distinctive trade dress that consumers automatically associate with Bragg Live Food Products.

75.     Consumers have come to associate Bragg's use of bright yellow coloring lined with red trim, along with the striated gloss bottle top, and statements concerning "the mother" with the Bragg Apple Cider Vinegar Product.

76.     The Bragg label's total image and overall appearance, features, size, shape, color, color combinations, texture, and graphics comprise a distinctive product unlike any other trade dress in the marketplace, which consumers have consistently and immediately associated with Bragg Live Foods.

77.     Bragg's trade dress is non-functional because the collection of trade dress elements are not essential to the product's use or purpose, do not affect the cost of quality of the product, and are employed in the final product primarily to distinguish Bragg's brand from competitors.

78.     The Malaysian Defendants' use of a confusingly similar trade dress is willful and deliberate and creates consumer confusion:

        a.     Both consumers and distributors have mistaken the Malaysian Defendants' product for a Bragg-manufactured good based on the trade dress.  The

Malaysian Defendants' representatives have falsely stated to consumers that the product is a Bragg-manufactured product. Bragg distributors have contacted Bragg with questions concerning the Malaysian Defendants' product, believing or suspecting that product to be manufactured by Bragg.

b. The Lohas and Bragg products are the same article in commerce (to wit, apple cider vinegar) and are sold to the same type of consumers, in the same channels of commerce. Those products compete directly against each other for sales. The Defendants' products are sold in similar stores and advertised through similar online media.

c. The Defendants' trade dress is nearly identical to that of Bragg's trade dress. The Malaysian Defendants' product has actually copied verbatim the language appearing on the Bragg product, including unique statements concerning potential uses for the product.

d. Defendants have copied the Bragg label and trade dress with knowledge and intent to identify similar goods, which reflects an intent to derive benefit from Bragg's reputation, and an intent to create a likelihood of confusion.

e. The potential consumers for Organic Apple Cider Vinegar are common end-use consumers without any heightened or specialized sophistication, who are thus unlikely to exercise increased caution in the purchase of Defendants' infringing product.

79. Plaintiff Bragg has suffered actual damages stemming from the Defendants' infringing product.

80. Defendants have also benefited financially from sales of the infringing product which are directly attributable to the Defendants' violations of law. Plaintiff is therefore entitled to any such profits earned that are attributable to the infringement. Plaintiff is also entitled to its costs, attorney fees, and expenses incurred in bringing this action.

81.   Defendants have therefore infringed Bragg's trademark and trade dress, have intentionally induced that infringement by another person, or are liable for contributory infringement by selling or supplying goods to another knowing or having reason to know that the other entity or individual will use the goods to infringe Bragg's trademark or trade dress.

## COUNT THREE

### Federal Trademark Dilution

### (15 U.S.C. § 1125(c))

82.   Bragg re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

83.   The Bragg Trademark and Trade Dress are "famous marks" within the meaning of the Lanham Act, 15 U.S.C. § 1125(c)(1) and were a famous mark prior to Defendant's acts as alleged herein.

84.   Defendants' manufacture, distribution, sale, and/or offer for sale in commerce of the Counterfeit Product dilutes, blurs, and tarnishes the distinctive quality of the Bragg marks, and Defendants took that unlawful action with willful intent to trade on Bragg's reputation and/or to cause dilution of the Trademark.

85.   Defendants' unauthorized use of the marks on or in connection with the Malaysian Defendants' counterfeit product was done with notice and full knowledge that Bragg did not authorize or license such manufacture, distribution, sale, and/or offer for sale of the Counterfeit Product.

86.   Defendants' conduct as alleged herein, individually and in combination, violate section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and the Defendants are liable for federal trademark dilution.

87.   Defendants' conduct has weakened the ability of Bragg's mark to readily identify and distinguish Bragg's goods in the market.  The Lohas infringing

product has blurred and tarnished Bragg's mark by introducing an inferior yet confusingly similar product in stores and online.  That conduct has unlawfully and unfairly reduced the strength of Bragg's mark in commerce through that blurring. Defendants' confusingly similar product also free-rides on the goodwill created through Bragg's many decades of product sales.

88.    Because Defendants acted willfully and intentionally to trade on Bragg's reputation and/or to cause dilution of Bragg's Trademark, Bragg is entitled to damages, exemplary damages, fees, and costs pursuant to 15 U.S.C. § 1125(c)(2).

89.    As a result of  Defendants' acts as alleged herein, Bragg incurred damages in an amount to be proven at trial consisting of, *inter alia*, the diminution in the value and goodwill associated with its BRAGG trademark, lost sales, and Defendants' profits attributable to infringement.

90.    Bragg has no adequate remedy at law, and if Defendants' activities are not enjoined, Bragg will continue to suffer irreparable harm and injury to its goodwill and reputation.

91.    Defendants have therefore diluted Bragg's trademark and/or trade dress, have intentionally induced that dilution by another person, and/or have contributorily diluted Bragg's intellectual property by selling or supplying goods to another knowing or having reason to know that the other entity or individual will use the goods to dilute Bragg's trademark or trade dress.

## COUNT FOUR

### California Trademark Dilution

### (Cal. Bus. & Prof. Code § 14247)

92.    Bragg re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

93.     Defendants have conspired to manufacture, distribute, sell, and promote the Malaysian Defendants' Organic Apple Cider Vinegar product which substantially copies and mimics the Bragg Organic Apple Cider Vinegar product. That Lohas product is confusingly similar to Bragg's product.

94.     The Bragg product and trade dress includes marks that are famous and well-recognized in the relevant consumer market, specifically in California.

95.     Defendants' conduct substantially diminished the value of Plaintiff Bragg's property and products through blurring.

96.     Defendants' acts as alleged herein have caused damage to Bragg by tarnishing Bragg's valuable reputation and diluting the distinctiveness of Bragg's Trademark in violation of California Business and Professions Code § 14247.

97.     Defendants' acts were willful, malicious, and fraudulent.

98.     Defendants have therefore diluted Bragg's trademark and/or trade dress, have intentionally induced that dilution by another person, and/or have contributorily diluted Bragg's intellectual property by selling or supplying goods to another knowing or having reason to know that the other entity or individual will use the goods to dilute Bragg's trademark or trade dress.

99.     Bragg has no adequate remedy at law, and if Defendants' activities are not enjoined, Bragg will continue to suffer irreparable harm as a result of Defendants' conduct which diminishes or eviscerates the value of Bragg's intellectual property.

## COUNT FIVE

### Contributory Trademark Dilution

100.    Bragg re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

101.   Defendants, collectively and individually, have supplied goods and services to another knowing or having reason to know that the other person or entity will use the goods to infringe Bragg's trademark and trade dress.

102.   Solana Gold and John Kolling (collectively, "Solana Gold") have sold or provided apple cider vinegar to other Defendants who then use that vinegar to bottle, label, and package the Malaysian Defendants' infringing product. Solana Gold has prepared or assisted in the preparation of labels or labeling for the Malaysian Defendants' product. Solana Gold competes directly against Bragg in the Organic Apple Cider Vinegar market. Solana supplied apple cider vinegar with knowledge and intent that such goods would be used to create an infringing product. Other parties did, in fact, use the goods or services that Solana provided to infringe Bragg's trademark and trade dress.

103.   Blossom Valley and Robert Wagner (collectively "Blossom Valley") have bottled, labeled, capped, and otherwise distributed the apple cider vinegar used by Defendants to infringe the Bragg trademark and trade dress. Blossom Valley has prepared or assisted in the preparation, export, and overall manufacture of the infringing Lohas product. Bragg had been a client of Blossom Valley and, so, Blossom Valley had knowledge that the Malaysian Defendants' product infringed Bragg's intellectual property. Blossom Valley performed services with the intent to manufacture a product that infringed Bragg's intellectual property. Other parties did, in fact, use the goods or services that Blossom Valley provided to infringe Bragg's trademark and trade dress.

104.   Diablo Food Packaging provided the unique glass bottles used by Solana, Blossom Valley, and Lohas to create the infringing apple cider vinegar product. The mold for that glass bottle was specifically designed for Bragg's product, but the Defendants now use that bottle for the Lohas infringing product.

105.   Bragg has been damaged by the infringement of its trademark and trade dress identified herein this Complaint.

## COUNT SIX

### Federal Unfair Competition and False Advertising

### (15.S.C. § 1125(a))

106.   Bragg re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

107.   The Counterfeit product Defendant sold and offered for sale are purported to be of the same general nature and type as Bragg's Apple Cider Vinegar and, as such, Defendants' use causes confusion for the general purchasing public.

108.   By misappropriating and using Bragg's Trade Mark and Trade Dress, Defendants misrepresented and falsely described to the general public the origin and source of the Counterfeit Product, and created a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such product.

109.   Defendants have included false labeling claims on the Malaysian Defendants' product, including false Organic and Kosher certifications.

110.   Defendants have falsely marketed the Malaysian Defendants' product as a Bragg-manufactured article in discussions or communications to distributors and consumers.

111.   Defendants have included false disclosures concerning Nutrition Facts information on the Malaysian Defendants' product label.

112.   Defendant's acts as alleged herein violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of Bragg's Trademark, Trade Dress, and false statements on advertising and labeling in connection with Defendants' goods and services, in, or affecting, interstate commerce constitutes a false designation of origin and unfair competition.

113.   Because that conduct, as alleged herein, was intentional, willful, malicious, and done with full knowledge of the falsities and Bragg's intellectual

property, and with intent to trade on the goodwill therein and cause consumer confusion and deception, this action qualifies an exceptional case within the meaning of 15 U.S.C. § 1117.  Bragg is entitled to exemplary damages, attorneys' fees, costs, and pre-judgment interest pursuant to the Lanham Act.

114.   As a result of  Defendant's acts as alleged herein, Bragg incurred damages in an amount to be proven at trial consisting of, *inter alia*, the diminution in the value and goodwill associated with its Bragg trademark, lost sales, and Defendant's profits attributable to infringement.

115.   Bragg has no adequate remedy at law, and if Defendant's activities are not enjoined, Bragg will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT SEVEN

### (California State Unfair Competition)

### (California Business and Professions Code §§ 17200, *et seq*.)

116.   Bragg re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

117.   Bragg has widely advertised and marketed its products in California, creating consumer demand for such products in California, elsewhere in the United States, and internationally.  Thus, the consuming public in the United States is widely aware of Bragg's products.

118.   The Defendants' acts, as alleged herein and including the unlawful use and imitation of Bragg's Trade Dress and registered Trademark in connection with the Counterfeit Product, constitute an unlawful, unfair, or fraudulent business practice in violation of California Business and Professions Code §§ 17200, *et seq*.

119.   Defendants' acts, as alleged herein, violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse a statistically significant

percentage of reasonable consumers, and were performed by Defendants with intent to defraud consumers worldwide.

120.   Defendants' acts, as alleged herein, violate the "unlawful" prong of the UCL because they constitute violations of the federal and state statutes as discussed herein this Complaint.

121.   Defendants' acts, as alleged herein, have unjustly enriched defendant and caused monetary damage to Bragg in an amount to be proven at trial.

122.   Bragg has no adequate remedy at law, and if Defendants' activities are not enjoined, Bragg will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT EIGHT

### (Common Law Unfair Competition)

123.   Bragg re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

124.   The Defendants' conduct as described in this Complaint have created a fraud upon consumers because defendants have created a scheme or artifice to mislead consumers into purchasing the Malaysian Defendants' product based on Bragg's goodwill and reputation.

125.   The public is likely to be deceived about the source of the Malaysian Defendants' product because of the Defendants' deceptive and fraudulent sale of a counterfeit or substantially similar good.

126.   Bragg has been engaged in competitive business with the Defendants, and the Defendants' conduct has resulted—and is likely to result in—widespread consumer confusion.

127.   The Defendants have therefore performed acts that constitute common law unfair competition.

## COUNT NINE

### False Advertising

### (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

128.   Bragg re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

129.   The Defendants have acted cooperatively and in concert to manufacture and sell the Malaysian Defendants' Apple Cider Vinegar product. The Malaysian Defendants have sold that product in United States' markets and to United States' consumers, as well as consumers worldwide.

130.   The Defendants have included false and/or misleading advertising claims on the Malaysian Defendants' product packaging or in commerce.

131.   The Defendants have falsely claimed that the Malaysian Defendants' product is KSA Kosher certified.

132.   The Defendants have falsely claimed that the Malaysian Defendants' product is manufactured or sourced from Bragg.

133.   The Defendants have falsely claimed that the Malaysian Defendants' product is certified Organic.

134.   The Defendants have falsely claimed that the Malaysian Defendants' product is verified by the Non-GMO Project.

135.   The Defendants have falsely reported Nutrition Facts information on the product label.

136.   Defendants knew or should have known that the Malaysian Defendants' product label contained false or misleading statements.

137.   Defendants dissemination of false and misleading advertising is likely to deceive—and has deceived—end consumers.

138.   The Defendants have therefore acted in concert to violate California statutory restrictions on false or misleading advertising.

## COUNT TEN

## Violations of the RICO Act, Mail and Wire Fraud

## (18 U.S.C. §§ 1341, 1343, 1962, 1964(c))

139.   Bragg re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

140.   The Defendants have worked in concert to manufacture, label, distribute, and sell the Malaysian Defendants' Apple Cider Vinegar product that is fraudulently represented to be a Bragg-sourced product when it is not.  The Defendants have therefore defrauded consumers by deliberately selling a product falsely represented to of the same source, quality, and characteristics of the Bragg Organic Apple Cider Vinegar.

141.   The Defendants have operated an enterprise (18 U.S.C. § 1962) to fulfil their unlawful purpose, including a pattern of racketeering acts that has caused injury to Bragg's business and market position.

142.   Defendants have conspired to violated 18 U.S.C. § 1962(c) by knowingly facilitating a scheme that includes the operation and cooperation of a RICO enterprise established for the purpose of defrauding consumers and Bragg.

143.   Defendants have committed many specified or predicate acts with sufficient continuity.  Those acts involved the manufacture, labeling, distribution, and sale of unlawful products.  Those unlawful predicate acts were connected by the common scheme, and the Defendants have participated in the scheme as principals—each having a substantial and primary role in the development, manufacture, sale, or distribution of the unlawful product.

144.   The Defendants knowingly and willfully acted with the specific purpose of manufacturing and selling a product that defrauds consumers.

145.   The Defendants have knowingly and willfully devised a scheme or artifice to defraud or a scheme for obtaining money or property by means of false

pretenses, representations or promises, which includes the Defendants deliberate counterfeiting of the Bragg product.

146.   The Defendants manufactured and sold the Malaysian Defendants' product with specific intent to defraud or deceive consumers into believing that the counterfeit and infringing Lohas product was sourced from Bragg and possessed the qualities claimed on the Malaysian Defendants' product label when that product did not, in fact, possess those attributes.

147.   Defendants have used the United States Postal Service, telephones, email, and other electronic communication for the purpose of executing their scheme to defraud.

148.   The Defendants have invested income in the common scheme to defraud consumers, and have benefited monetarily from that fraudulent business.

149.   The Defendants' scheme involved articles in interstate and foreign commerce (to wit, components and finished goods used to manufacture and distribute fraudulent consumer goods), and that scheme substantially affected interstate commerce.

150.   Bragg has been injured in its business and property because of the Defendants' fraudulent scheme to manufacture and sell counterfeit and infringing goods.

## COUNT ELEVEN

### Fraud

### (Cal. Civ. Code §§ 1709–1711)

151.   Bragg re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

152.   Defendants have committed acts of statutory fraud through their scheme to sell counterfeit and infringing vinegar products.  *See* Cal. Civ. Code §§ 1709–1711.

153.   Defendants, alone and in concert, have manufactured, labeled, distributed, and sold the Malaysian Defendants' Apple Cider Vinegar product while falsely representing that product to be a Bragg-sourced product.  Defendants have sold that product by using false labeling statements and guarantees, including, e.g., false statements of nutritional facts; false statements concerning the product origin or source; false statements concerning the organic certifications; and false statements concerning kosher certifications.

154.   The Defendants intended to defraud consumers through those misrepresentations.  Consumers were in fact defrauded when they purchased an Apple Cider Vinegar product that did not possess the same characteristics, quality, or branding as advertised and stated by Defendants.

155.   The Defendants knew that their representations concerning the Lohas product were false and misleading.  The Defendants were aware that the Lohas product had counterfeited the Bragg product label.  Defendants held out the Lohas product as a "Bragg" manufactured product.

156.   Consumers reasonably and justifiably relied on the Defendants' labeling statements when purchasing the fraudulent Lohas products.

157.   Consumers and Bragg have been damaged and injured by the Defendants' fraudulent conduct.

## COUNT TWELVE

### Common Law Fraud

158.   Bragg re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

159.   Defendants have committed acts of common law fraud through their scheme to sell counterfeit and infringing vinegar products.

160.   Defendants, alone and in concert, have manufactured, labeled, distributed, and sold the Malaysian Defendants' Apple Cider Vinegar product while falsely representing that product to be a Bragg-sourced product.  Defendants have sold that product by using false labeling statements and guarantees, including, e.g., false statements of nutritional facts; false statements concerning the product origin or source; false statements concerning the organic certifications; and false statements concerning kosher certifications.

161.   The Defendants intended to defraud consumers through those misrepresentations.  Consumers were in fact defrauded when they purchased an Apple Cider Vinegar product that did not possess the same characteristics, quality, or branding as advertised and stated by Defendants.

162.   The Defendants knew that their representations concerning the Malaysian Defendants' product were false and misleading.  The Defendants were aware that the Malaysian Defendants' product had counterfeited the Bragg product label.  Defendants held out the Malaysian Defendants' product as a "Bragg" manufactured product.

163.   Consumers reasonably and justifiably relied on the Defendants' labeling statements when purchasing the fraudulent Malaysian Defendants' products.

164.   Consumers and Bragg have been damaged and injured by the Defendants' fraudulent conduct.

## **PRAYER FOR RELIEF:**

WHEREFORE, BRAGG prays for judgment in its favor and against Defendants and requests that this Court award Bragg the following:

A.    A preliminary and permanent injunction enjoining the Defendants, their officers, shareholders, agents, servants, employees, attorneys, successors and assigns, subsidiaries, affiliated companies, supplies, manufacturers, distributors, retailers, licensees, all those in privity with same, and all those in active concert or participation who receive actual notice of the judgment, from manufacturing, marketing, distributing, or selling the infringing and unlawful products as described herein this Complaint, or any similar products that use, imitate, or copy any of Bragg's Trade Dress or registered Trademarks;

B.    An Order requiring the Defendants to file with this Court a compliance plan under oath stating the method and manner in which Defendants have complied with the injunction, to be filed within 30 days after service of an injunction;

C.    An Order requiring that Defendants deliver to Bragg counsel or suitably destroy all (1) remaining inventory of the infringing and unlawful products, all sale materials, labels, signs, boxes, prints, marketing materials, internet web pages, metatags, packages or packing, papers, and other trade dress in possession or control of the Defendant; and (2) disclose the identities of the vendors and manufacturers that make or sell any component of the infringing or unlawful products;

D.    An equitable accounting of the Defendants' profits and accounts (including those of the Defendants' subsidiaries, affiliated companies, agents, or licensees in concert) arising from Defendants trademark infringement, RICO violations, and unfair competition, including disclosure of the number of infringing units sold in the United States and internationally (all markets), and an accounting of the gross revenue derived from such sales;

E.      An award of Defendant's profits to Plaintiff BRAGG, including all gross revenues identified or disclosed pursuant to Paragraph D hereinabove, *see* 15 U.S.C. §§ 1116–1117;

F.      An award of treble profits pursuant to 15 U.S.C. § 1117(b);

G.      An award of exemplary or punitive damages under Cal. Civ. Code § 3294 for Defendants conduct that was undertaken with intent to injure Plaintiff, or with a willful and conscious disregard of plaintiff's rights;

H.      An award of threefold damages sustained by Plaintiff pursuant to RICO, 18 U.S.C. § 1964(c);

I.      Pre-judgment and post-judgment interest on the above damage awards;

J.      An award of costs and reasonable attorney fees and expenses incurred by Bragg in connection with this action pursuant to 18 U.S.C. § 1964(c), 15 U.S.C. §§ 1116-1117, Cal. Code Civ. Proc. § 1021.5, Cal. B&P Code § 14250;

K.      An order adjudging all Defendants jointly and severally liable, as the law allows, under each cause of action asserted by Bragg and for all damages awarded against any Defendant;

L.      Such other relief as this Court may deem just.


DATED:  October 5, 2015

                          Respectfully submitted,


                          BRAGG LIVE FOODS, INC.


                          By:    */s/ Peter A. Arhangelsky*
                                 Peter A. Arhangelsky, Esq.
                                 Emord & Associates, P.C.
                                 3210 S. Gilbert Road, Suite 4

Chandler, AZ 85286
Phone: (602) 388-8899
Fax: (602) 393-4361
E-mail: parhangelsky@emord.com
*Attorney for Plaintiff*